IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) ) | Civil Action File No. 1:05-CV-2938 |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## COURT'S INSTRUCTION TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.


_[signature]_
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,   )
INC., and FIDELITY INTERIORS,     )
LLC                               )
                                  )
     Plaintiff,                   )
                                  )
v.                                )     Civil Action File
                                  )     No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS       )
REGIONAL COUNCIL OF THE UNITED    )
BROTHERHOOD OF CARPENTERS AND     )
JOINERS OF AMERICA,               )
                                  )
     Defendant.                   )

PLAINTIFF'S PROPOSED CHARGE NO. 1

Consideration of the Evidence
Duty to Follow Instructions
Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.

SOURCE:   Eleventh Circuit Pattern Jury Instructions (Civil) No.
          2.2.

Given _____      Rejected _____      Modified _____


                              _James W. Wimberly, Jr.__
                              James W. Wimberly, Jr.
                              Georgia Bar No. 769800
**WIMBERLY LAWSON STECKEL**         *Attorneys for the Plaintiff*
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,  )
INC., and FIDELITY INTERIORS,    )
LLC                              )
                                 )
        Plaintiff,               )
                                 )
v.                               )        Civil Action File
                                 )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
        Defendant.               )

PLAINTIFF'S PROPOSED CHARGE NO. 2

Credibility of Witnesses

Now, in saying that you must consider all the evidence, I do
not mean that you must accept all of the evidence as true or
accurate.  You should decide whether you believe what each witness
had to say, and how important that testimony was.  In making that
decision you may believe or disbelieve any witness, in whole or in
part.  Also, the number of witnesses testifying concerning any
particular dispute is not controlling.

In deciding whether you believe or do not believe any witness
I suggest that you ask yourself a few questions: Did the witness
impress you as one who was telling the truth?  Did the witness have
any particular interest in the outcome of the case?  Did the
witness seem to have a good memory?  Did the witness seem to have

the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

SOURCE:   Eleventh Circuit Pattern Jury Instructions (Civil) No. 3.


Given _____      Rejected _____      Modified _____


James W. Wimberly Jr.
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File |
| | ) No. 1:05-CV-2938 |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' PROPOSED CHARGE NO. 3

**Impeachment of Witnesses Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an

intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.


SOURCE:   Eleventh  Circuit  Pattern  Jury  Instructions  (Civil) No.4.1.

Given _____      Rejected _____      Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,      )
INC., and FIDELITY INTERIORS,        )
LLC                                  )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )      Civil Action File
                                     )      No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS          )
REGIONAL COUNCIL OF THE UNITED       )
BROTHERHOOD OF CARPENTERS AND        )
JOINERS OF AMERICA,                  )
                                     )
        Defendant.                   )

## PLAINTIFFS' PROPOSED CHARGE NO. 4

### Burden Of Proof
### When Both Plaintiff And Defendant Have Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have

called them, and all of the exhibits received in evidence,
regardless of who may have produced them.

If the proof fails to establish any essential part of a
claim or contention by a preponderance of the evidence you should
find against the party making that claim or contention.


SOURCE:   Eleventh Circuit Pattern Jury Instructions (Civil) No.
          6.2.

Given _____      Rejected _____      Modified _____


                                    _James W. Wimberly, Jr._
                                    James W. Wimberly, Jr.
                                    Georgia Bar No. 769800
                                    *Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,    )
INC., and FIDELITY INTERIORS,      )
LLC                                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Civil Action File
                                   )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
        Defendant.                 )

## PLAINTIFFS' PROPOSED CHARGE NO. 5

### Duty To Deliberate
### When Only The Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

SOURCE:   Eleventh  Circuit  Pattern  Jury  Instructions  (Civil)
          No.7.1.

Given _____      Rejected _____      Modified _____


                                    _James W. Wimberly_
                                    James W. Wimberly, Jr.
                                    Georgia Bar No. 769800
                                    *Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF GEORGIA
                    ATLANTA DIVISION
```

```
FIDELITY INTERIOR CONSTRUCTION,    )
INC., and FIDELITY INTERIORS,      )
LLC                                )
                                   )
      Plaintiff,                   )
                                   )
v.                                 )        Civil Action File
                                   )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
      Defendant.                   )
```

## PLAINTIFFS' PROPOSED CHARGE NO. 6

### Election of Foreperson
### Explanation of Verdict Form(s)

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at that time.

SOURCE: Eleventh Circuit Pattern Jury Instructions (Civil) No. 8.

Given _____        Rejected _____        Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIDELITY INTERIOR CONSTRUCTION, )<br>INC., and FIDELITY INTERIORS, )<br>LLC, )<br>                     )<br>     Plaintiff, )<br>                     )<br>v.                   )<br>                     )<br>THE SOUTHEASTERN CARPENTERS )<br>REGIONAL COUNCIL OF THE UNITED )<br>BROTHERHOOD OF CARPENTERS AND )<br>JOINERS OF AMERICA, )<br>                     )<br>     Defendant. ) | Civil Action File<br>No. 1:05-CV-2938 |

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 7

Fidelity Interiors is an interior construction subcontractor. Because of a dispute with Fidelity Interiors, the Union targeted threatened, coerced and pressured "neutral" or "secondary" employers with which Fidelity Interiors did business to stop doing business with Fidelity Interiors. The Union admits their goal was to pressure neutral employers to not use Fidelity Interiors.

The Union sent letters to hundreds, perhaps thousands, of neutral employers, threatening that they would have an "adversarial relationship" with the Union if they did business with Fidelity Interiors. The Union picketed and demonstrated, often at the "neutral" employers offices and job sites and often in a disruptive way. They used signs that did not identify Fidelity Interiors, so that an observer would not know who the dispute was with, and/or banners stating that the Union had a "labor dispute" with a neutral

employer. The Union's object was not to get Fidelity Interiors to pay the overall costs of the Union's alleged area standards, but, rather, to provide specific insurance, pension and training programs.

The Union's actions directed at neutral employers were also intended to force Fidelity Interiors to recognize the Union or sign a Union contract, or if Fidelity Interiors would not do so, to force Fidelity Interiors out of business.

Because of the Union's activities all of Fidelity Interiors clients who were targeted ended or substantially decreased their business with Fidelity Interiors.  Consequently Fidelity Interiors brought this action under the National Labor Relations Act, which permits a company injured by a "secondary boycott" by a union to bring an action for damages.

Given _____     Rejected _____     Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) ) |
| Defendant. | ) ) |

Civil Action File
No. 1:05-CV-2938

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 8

It is an unlawful violation of the National Labor Relations Act for a union to threaten, coerce or restrain a neutral employer with whom the union does not have a dispute where the object of the union's conduct is to either: (1) force or require the neutral employer to stop doing business with another person with whom the union does have a dispute, or (2) to force another employer to recognize and bargain with a union that has not been certified. Conduct of this nature is known as a "secondary boycott." Activity of this nature is referred to as "secondary activity."

If you find by a preponderance of the evidence that the Defendant Union threatened, coerced or restrained one or more neutral companies to stop doing business with Fidelity Interiors or to force Fidelity Interiors to recognize and bargain with the Union, then you should find in favor of Fidelity Interiors.

Authority:

29 U.S.C.A. §§ 158 (b)(4)(ii)(B); *Kentov v. Sheet Metal Workers'*
*Intern. Ass'n Local 15, AFL-CIO,* 418 F.3d 1259, 1264 (11th Cir.
2005); *Service Employee's Local 87 (Trinity Building Maintenance*
*Co.),* 312 NLRB 715, 742-43 (1993), *enf'd* 103 F.3d 139 (9th Cir.
1993); *Allentown Racquetball & Health Club, Inc. v. Building and*
*Const. Trades Council of Lehigh and Northampton Counties,* 525
F.Supp. 156, 160 (D.C.Pa., 1981).


Given _____      Rejected _____      Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,    )
INC., and FIDELITY INTERIORS,      )
LLC,                               )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Civil Action File
                                   )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
    Defendant.                     )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 9

Under the provisions of the National Labor Relations Act relating to secondary boycotts, there is a distinction between the "primary employer" and secondary employer or secondary persons, often called "neutrals." The primary employer is the one directly involved in the dispute. In this case, Fidelity Interiors is the primary employer. Any other employer is a secondary employer or neutral. Any person not directly involved in the labor dispute, that is, any person or association or company other than the Fidelity and the Union, are secondary employers or neutral employers.

Authority:

*BE&K Const. Co. v. Will & Grundy Counties Bldg. Trades Council, AFL-CIO*, 156 F.3d 756, 760 (7th Cir.1998.)

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
**SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS, )
LLC, )
     )
    Plaintiff, )
     )
v. )    Civil Action File
     )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS )
REGIONAL COUNCIL OF THE UNITED )
BROTHERHOOD OF CARPENTERS AND )
JOINERS OF AMERICA, )
     )
    Defendant. )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 10

A union can threaten, coerce or restrain a person in many ways, including, but not limited to by picketing or by applying economic retaliation and pressure in the context of a labor dispute.

Authority:

29 U.S.C.A. §§ 158 (b)(4)(ii)(B); *Kentov v. Sheet Metal Workers,* 418 F.3d 1259, 1264 (11th Cir. 2005).

Given _____    Rejected _____    Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

WIMBERLY LAWSON STECKEL
 SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia 30326
Ph: 404-365-0900

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS,   )
LLC,                             )
                                 )
        Plaintiff,               )
                                 )
v.                               )    Civil Action File
                                 )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
        Defendant.               )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 11

When a neutral or secondary employer with whom the union does not have a dispute is working at the same location as a primary employer with whom the union does have a dispute the work site is referred to as a "common situs."  This is common in the construction industry.

Authority:

*Teamsters Local 126 (Ready Mixed Concrete)*, 200 NLRB No. 41, 200 NLRB 253, 81 L.R.R.M. (BNA) 1461, 1973 NLRB Dec. P 24809, 1972 WL 4674 (N.L.R.B.); Linbeck Const. Corp. v. National Labor Relations Board, 550 F.2d 311, 316 (5th Cir. 1977).

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS,   )
LLC,                            )
                                )
        Plaintiff,              )
                                )
v.                              )   Civil Action File
                                )   No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS     )
REGIONAL COUNCIL OF THE UNITED  )
BROTHERHOOD OF CARPENTERS AND   )
JOINERS OF AMERICA,             )
                                )
        Defendant.              )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 12

When picketing at a common situs the Union has an obligation to picket in a manner least likely to encourage secondary effects. Moreover, otherwise lawful picketing can become unlawful if conducted in a coercive or threatening manner.

Authority:

Ramey v. Local Union  No. 544, Painters, 472 F.2d 1127, 1131(5th Cir. 1973); Metropolitan Regional Council of Philadelphia and Vicinity v. NLRB, 50 Fed. Appx. 88, 91 (3rd Cir. 2002) unpublished.

Given _____    Rejected _____    Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,  )
INC., and FIDELITY INTERIORS,    )
LLC,                             )
                                 )
     Plaintiff,                 )
                                 )
v.                               )    Civil Action File
                                 )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
     Defendant.                 )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 13

Picketing is only one way in which a union can unlawfully threaten, coerce or restrain a neutral or secondary employer. In an effort to balance the interests of secondary employers to be free from union pressure and the interest of the union to pressure a primary employer, certain rules have been developed to determine when picketing at a common situs is lawful.

While the following requirements are not necessarily sufficient for picketing at a common situs to be lawful primary picketing, the failure to satisfy the following requirements is strong evidence that the picketing is unlawful secondary picketing:

    (1) the picketing must occur when the primary employer is located on the common site,
    (2) the primary employer must be engaged in his normal business at the common site,
    (3) the picketing must take place reasonably close to the common site, and
    (4) the picketing must clearly disclose that the dispute is only with the primary employer.

<u>Authority</u>:

*Sailors' Union of the Pacific (Moore Dry Dock)*, 92 NLRB 547, 549 (1950); *Electrical Workers, Local 861 (Plaunche Electric)*, 135 NLRB. 250, 255 (1962); *Ramey Const. Co., Inc. v. Local U. No. 544, Painters, Etc.* 472 F.2d 1127, 1131(5th Cir. 1973); *Teamsters Local 126 (Ready Mixed Concrete)*, 200 NLRB No. 41, 200 NLRB 253, 81 L.R.R.M. (BNA) 1461, 1973 NLRB Dec. P 24809, 1972 WL 4674 (N.L.R.B.).


Given _____      Rejected _____      Modified _____


*James W Wimberly Jr
(DLR)*
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action File |
| | ) No. 1:05-CV-2938 |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) |
| | ) |
| Defendant. | ) |

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 14

Even if you find that the basic requirements for common situs picketing are satisfied, you can still find that the Union engaged in unlawful secondary activity against one or more of the neutral employers if you find under the totality of the circumstances that the Union was deliberately trying to induce any neutral employer to stop doing business with Fidelity Interiors or to force Fidelity Interiors to recognize and bargain with a union that has not been certified.

Authority:

*Teamsters Local 126 (Ready Mixed Concrete),* 200 NLRB 253, 255 (1972) *quoting Local 761, Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO v. NLRB,* 366 U.S. 667, 673, 81 S.Ct. 1285, 1289 (1961); *Texas Distribs., Inc. v. Local Union No. 100, United Ass'n*

*of Journeymen and Apprentices of Plumbing and Pipefitting Indus. of U.S. and Can., AFL-CIO,* 598 F.2d 393, 399 (5th Cir. 1979); *Serv. Employees Union (Trinity Bldg. Maintenance Co.)*, 312 NLRB at 744, quoting *Iron Workers Local 378 (McDevitt & Street)*, 298 NLRB 955, 958 (1991).

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

WIMBERLY LAWSON STECKEL
  SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,  )
INC., and FIDELITY INTERIORS,    )
LLC                              )
                                 )
     Plaintiff,                  )
                                 )
v.                               )     Civil Action File
                                 )     No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
     Defendant.                  )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 15

In evaluating any type of claim of secondary union activity, the totality of the circumstances should be considered. That is, regardless of whether some criteria are met and others are not met, the totality of circumstances should be evaluated to determine whether the picketing or any other activities have a secondary objective, meaning they are directed towards secondary or neutral employers or companies, and thus deemed secondary and unlawful.

AUTHORITY:

*Teamsters Local 126 (Ready Mix Concrete)*, 200 NLRB 253, 255 (1972), quoting *Local 761, International Union of Elec., Radio & Mach. Workers, AFL-CIO v. NLRB*, 366 U.S. 667, 673, 81 S.Ct.

1285, 1289 (1961); *Texas Distributors, Inc. v. Local Union No. 100, United Ass'n of Journeymen & Apprentices of Plumbing and Pipefitting Indus. of U.S. & Can., AFL-CIO*, 598 F.2d 393, 399 (C.A. 5, 1979); *Serv. Employees' Union (Trinity Bldg. Maintenance Co.)*, 312 NLRB at 744, quoting *Iron Workers Local 378 (McDevitt & Street)*, 298 NLRB 955, 958 (1991).

Given _____      Rejected _____      Modified _____


_____
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
**SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS,   )
LLC,                            )
                                )
        Plaintiff,              )
                                )
v.                              )   Civil Action File
                                )   No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS     )
REGIONAL COUNCIL OF THE UNITED  )
BROTHERHOOD OF CARPENTERS AND   )
JOINERS OF AMERICA,             )
                                )
        Defendant.              )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 16

Where union picket signs do not clearly identify who the primary dispute is with, there is a presumption that the object of the picketing was to enmesh neutrals. Whether an employer is sufficiently identified depends on whether the picketing was in any way misleading or ambiguous.

If you find that when picketing the Union did not clearly and unambiguously disclose on its picket signs that the Union's dispute was with Fidelity Interiors, you can find that the Union engaged in unlawful secondary activity.

Authority:

*Ramey v. Local Union No. 544, Painters,* 472 F.2d 1127, 1133 (5th Cir. 1977); *Ironworkers Local 433, Affiliated with the Int'l. Assoc. of Bridge Structural and Ornamental Ironworkers, AFL-CIO*, 293 NLRB No. 74, 622, *enf'd,* 930 F.2d 28 (9th Cir. 1991); *Abreen*

*Corp. v. Laborers' Int'l. Union, N.A., AFL, AFL-CIO,* 709 F.2d 748, 756 (1st Cir.1983) *modified on other grounds Abreen Corp. v. Laborers' Int'l Union,* 1983 WL 21381 (1983); *Anderson v. International Broth. of Elec. Workers, Local No. 712, AFL-CIO, Local 3,* 422 F.Supp. 1379, 1383 (D.C. Pa. 1976); *2B-32J, Serv. Employees Int'l. Union,* 250 NLRB 240, 244 *(Dalton Schools)* (1980).

Given _____    Rejected _____    Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS, )
LLC, )
         )
     Plaintiff, )
         )
v. )   Civil Action File
         )   No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS )
REGIONAL COUNCIL OF THE UNITED )
BROTHERHOOD OF CARPENTERS AND )
JOINERS OF AMERICA, )
         )
     Defendant. )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 17

You may also infer that the Union's motive in its communications and dealings with secondary employers was unlawful if you find that it was reasonably foreseeable that the Union's conduct would have a secondary effect.

Authority:

*Lane Crane Servs. v. International Broth. of Elec. Workers*, 704 F.2d 550, 553, (11th Cir. 1983); *Carpenters Local No. 33, a/w United Broth. of Carpenters and Joiners of America, AFL-CIO v. NLRB*, 873 F.2d 316, 321, (D.C. Cir. 1989).

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action File ) No. 1:05-CV-2938 |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 18**

In determining whether the Union's communications with a secondary employer were threatening, coercive or restraining, you should not consider the language used in isolation; rather, you should consider the specific language used in the context of the surrounding conduct and events.

Authority:

*Telephone Man*, 327 NLRB 593, 598 (1999); *BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council,* 156 F.3d 756, 769 (7th Cir. 1998); *Pickens-Bond Constr. Co. v. United Bhd. of Carpenters and Joiners of America, Local 690,* 586 F.2d 1234, 1240-41 (8th Cir. 1978); *Texas Distribs, Inc. v. Local Union No. 100*, 598 F.2d 393, 399 (5th Cir.1979); *Abreen Corp. v. Laborers' Int'l Union, N.A., AFL, AFL-CIO,* 709 F.2d at 758; *Brown & Root, Inc. v. Louisiana*

*State AFL-CIO,*10 F.3d 316, 322 (5th Cir. 1994).


Given _____        Rejected _____        Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS,   )
LLC,                            )
                                )
    Plaintiff,                 )
                                )
v.                              )   Civil Action File
                                )   No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS     )
REGIONAL COUNCIL OF THE UNITED  )
BROTHERHOOD OF CARPENTERS AND   )
JOINERS OF AMERICA,             )
                                )
    Defendant.                 )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 19

Where a union states an intention to picket it must state that the picketing will be conducted in a manner consistent with legal requirements, including that the picketing will be limited to those times and places where the Union has the right to picket.

If you find that when the Union in this case told secondary employers that it would be picketing, and that the Union did not affirmatively state that it would be picketing in a manner consistent with all legal requirements, including at times and places that it had the right to picket, you should find that the Union acted with an unlawful intent in violation of the National Labor Relations Act.

Authority:

*Service Employees Union,* 312 NLRB 715, 748, *enf'd* 103 F.3d 139 (9th Cir. 1996); *Local 456, Intern. Broth. of Teamsters, AFL-CIO and*

*Peckham Materials Corp*. 307 NLRB 612, 619 (1992).  *See also Sheet Metal Workers Intern. Ass'n, Local 15 (Energy Air, Inc.)*, 178 L.R.R.M. (BNA) 1393 (2006), enforcement denied by *Sheet Metal Workers' Intern. Ass'n, Local 15, AFL-CIO*, __ F.3d __, 2007 WL 1745321 (D.C. Cir. 2007).


Given _____      Rejected _____      Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

WIMBERLY LAWSON STECKEL
 SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

-2-

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:05-CV-2938 |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 20

A union statement to a secondary employer that it will cease union activity if the secondary employer stops doing business with the primary employer, or that union activity will continue as long as the secondary employer continues to do business with the primary employer, is unlawful if it is intended to induce the neutral employer to take some action with respect to the primary employer.

No one factor is determinative of whether the Union acted with unlawful secondary intent when telling a neutral employer that picketing would cease if the neutral employer ended its relationship with the primary employer. There are, however, several factors that should be considered, including: (1) whether the neutral employer or the Union initiated the conversation in which the remark was made; (2) whether the neutral employer involved understood the Union's statement to be a request for the

neutral's assistance; (3) the nature of the relationship between the neutral employer and the Union; (4) the effect, if any, of the Union activity; and (5) the conduct of the neutral employer and the Union after and as a result of the conversation.

Authority:

*International Brotherhood of Electrical Workers Local 453 (Southern Sun Electric)*, 237 NLRB 829, 830-831, 99 L.R.R.M. (BNA) 1076 (1978) 1978 WL 7881, *aff'd* 620 F.2d. 170 (8th Cir. 1980); *Sheet Metal Workers Intern. Ass'n, Local Union No. 223, AFL-CIO v. Atlas Sheet Metal Co. of Jacksonville*, 384 F.2d 101, 108 -109 (5th Cir. 1967); *Service Employees Union,* 312 NLRB 715, 748, *enf'd* 103F.3d 139 (9th Cir. 1996); *Teamsters Local 150 (E.J. Dougherty Oil & Stone Supply, Inc.)*, 269 NLRB 170 (1984); *Pickens-Bond Construction Co. v. United Brotherhood of Carpenters Local 690,* 586 F.2d 1234 (8th Cir.1978); *R.L. Coolsaet Const. Co. v. Local 150, Intern. Union of Operating Engineers*, 177 F.3d 648, 656-657 (7th Cir. 1999).

Given _____     Rejected _____     Modified _____


_James W Wimberly Jr (RLK)_
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326

```
Ph:  404-365-0900
Fx:  404-261-3707
```

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,          )
INC., and FIDELITY INTERIORS,            )
LLC                                      )
                                         )
        Plaintiff,                       )
                                         )
v.                                       )     Civil Action File
                                         )     No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS              )
REGIONAL COUNCIL OF THE UNITED           )
BROTHERHOOD OF CARPENTERS AND            )
JOINERS OF AMERICA,                      )
                                         )
        Defendant.                       )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 21

If a labor organization, with an object of causing a cessation of business between two companies makes a threat of picketing to a secondary employer or neutral, or makes to the secondary employer a threat to engage in any other activity which, if committed, would be an unlawful secondary boycott, then the threat itself is an unlawful secondary boycott even though the threat is not carried out. The same principle applies if the union's object is to cause the primary employer to recognize the union and sign a collective bargaining agreement with the union. In this case, if the union made threats of picketing or boycott activity to third parties, which if committed would be an unlawful secondary boycott, and made the threats with an object of forcing the third parties to stop

doing business with the plaintiffs, or to require plaintiffs to recognize the union or sign a collective bargaining agreement with the union, the threats were unlawful secondary activity and plaintiffs are entitled to recover their damages caused by such threats even if the threats were not carried out.

Authority:

*NLRB v. Iron Workers Local 433*, 850 F.2d 551, 555 (C.A. 9, 1988) (Section 8(b)(4); *Local 71 Sheet Metal Workers International Association (Wind Heating Co., Inc.)*, 217 NLRB No. 144 (1975); *NLRB v. Local 825 Operating Engineers*, 400 U.S. 297 (1971); *Local 456, Int'l Brotherhood of Teamsters, AFL-CIO & Peckham Materials Corp.*, 307 NLRB 612, 619 (1992); *Int'l Brotherhood of Electrical Workers Local 453 (Southern Sun Electric)*, 237 NLRB 829, 99 LRRM 1076 (1978), aff'd, 620 F.2d 170 (8th Cir. 1980); *Carpenters Local 316, United Brotherhood of Carpenters & Joiners of America (Thornhill Const.)*, 283 NLRB 81 (1987).

Given _____      Rejected _____      Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL
SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS, )
LLC, )
                            )
     Plaintiff, )
                            )
v. )   Civil Action File
                            )   No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS )
REGIONAL COUNCIL OF THE UNITED )
BROTHERHOOD OF CARPENTERS AND )
JOINERS OF AMERICA, )
                            )
     Defendant. )

<u>PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 22</u>

Bannering that is conducted in a coercive fashion is unlawful and a violation of the National Labor Relations Act if it is done for an unlawful object.

<u>Authority</u>:

*Mid-Atlantic Regional Council of Carpenters and Goodell, Devries, Leech & Dann, LLP and Starkey Construction Company, Inc.*, 2006 WL 572716 (NLRB Div. of Judges 2006).

Given _____      Rejected _____      Modified _____

WIMBERLY LAWSON STECKEL

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

-1-

SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS,   )
LLC,                            )
                                )
        Plaintiff,              )
                                )
v.                              )    Civil Action File
                                )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,             )
                                )
        Defendant.              )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 23

A union is permitted to engage in area standards picketing to prevent the unorganized employer from gaining a competitive edge over the organized employer through lower costs of employment. This permits a union to picket for equal wages or an equivalent cost package, but when a union goes beyond this and attempts to dictate what benefits an employer must give its employees, it is attempting to engage bargaining to gain benefits for employees which it does not represent. This is unlawful under the National Labor Relations Act.

If you find that the Union in this case was not merely trying to cause Fidelity to pay its employees an amount equal to that paid by employers with Union contracts or to assure that Fidelity's labor costs were equivalent to those of employers with Union

-1-

contracts, then you should find that the Union engaged in unlawful recognitional picketing in violation of the National Labor Relations Act.

Authority:

*Morio v. Local 456, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America,*1977 WL 1753 *2 (S.D.N.Y.), 96 L.R.R.M. (BNA) 2528, 82 Lab.Cas. P 10,279; *Retail Clerks Int'l Assoc., Local Union No. 899*, 1967 CCH NLRB ¶ 21,663 166 NLRB 818 (1967); *Local Union No. 492, United Brotherhood of Carpenters & Joiners*, 1974-75 CCH NLRB ¶ 15,263 215 NLRB 263, 267 (1974).


Given _____    Rejected _____    Modified _____



James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,    )
INC., and FIDELITY INTERIORS,      )
LLC                                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )      Civil Action File
                                   )      No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
        Defendant.                 )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 24

1.   a]  With respect to the Plaintiffs' first claim, if you find that the Defendants' threatened or coerced third parties to cause them to cease doing business with Plaintiffs, then the explanation that an "area standards" dispute existed is not relevant to this claim. Proof of an "area standards" motive is not a defense to this first claim as the claim is met once threats and coercion to "cease doing business" is proven.


        b]  With respect to the plaintiffs' second claim that Defendants' coerced third parties to cause Plaintiffs to recognize the union and enter a collective bargaining agreement, the presence or absence of an exclusive "area standards" motive is relevant to the defense.

<u>AUTHORITY</u>:

*Warshawsky & Company v. N.L.R.B.*, 182 F.3d 948 (C.A.D.C.,1999); *Plumbers and Pipe Fitters Local Union No. 32, United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry of U.S. and Canada, AFL-CIO*, 315 NLRB 786, 789 (1994).

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL
  SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FIDELITY INTERIOR CONSTRUCTION, INC., and FIDELITY INTERIORS, LLC | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File |
| | ) | No. 1:05-CV-2938 |
| THE SOUTHEASTERN CARPENTERS REGIONAL COUNCIL OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 25

That the defendant union was not entitled to use the weapon of a secondary boycott or to use any other illegal secondary activity in retaliation for any conduct by the plaintiffs, including any conduct by plaintiffs that might be deemed or alleged to be unfair. In weighing your verdict in this case, you are not to be concerned with the merits of the primary dispute between the plaintiffs and the defendant union. The merits of that dispute are not before you for decision.

AUTHORITY:

*Warshawsky & Company v. N.L.R.B.*, 182 F.3d 948 (C.A.D.C.,1999); *Plumbers and Pipe Fitters Local Union No. 32, United Ass'n of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry*

*of U.S. and Canada, AFL-CIO,* 315 NLRB 786, 789 (1994).

Given _____      Rejected _____      Modified _____

**WIMBERLY LAWSON STECKEL**
**SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,      )
INC., and FIDELITY INTERIORS,        )
LLC                                  )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )     Civil Action File
                                     )     No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS          )
REGIONAL COUNCIL OF THE UNITED       )
BROTHERHOOD OF CARPENTERS AND        )
JOINERS OF AMERICA,                  )
                                     )
     Defendant.                      )


<u>PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 26</u>


In determining whether a union's conduct towards third parties threatens, restrains, or coerces, you are entitled to evaluate those statements or that conduct, in light of the union's contention that its activities are protected free speech under the United States Constitution.  In making such a determination, you must evaluate whether the union's speech or conduct threatens or coerces a third party, as opposed to a speech or conduct by the union that does not threaten or coerce a third party.  Threatening or coercing statements or conduct are not deemed protected by the Constitution.  In determining whether the union's speech or conduct threatens or coerces a

third party, you must examine the totality of circumstances in making such a conclusion.

Authority:

*National Labor Relations Act, § 8(b)(4)(i)(ii)(B), 29 U.S.C. § 158(b)(4)(i)(ii)(B). Labor Management Relations Act, Section 303; Metropolitan Regional Council of Philadelphia & Vicinity v. NLRB, 50 Fed. Appx. 88, 91 (3rd Cir. 2002) (unpublished) (otherwise lawful picketing can become unlawful if conducted in a coercive or threatening manner).*

Given _____     Rejected _____     Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
**SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS,    )
LLC,                             )
                                 )
        Plaintiff,               )
                                 )
v.                               )    Civil Action File
                                 )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
        Defendant.               )

**PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 27**

If you find by a preponderance of the evidence that the Union acted with an unlawful secondary intent or object with respect to Fidelity Interiors, it is not necessary that the evidence establish that the only object or purpose of the Defendant Union with respect to one or more of the secondary employers was to require or force any of those neutral secondary employers to cease doing business with Fidelity Interiors.  A labor organization may have many different reasons for communicating or dealing with the employees of a business concern.  All of these reasons may, in varying degrees, prompt the conduct of the Union with respect to the employees of the neutral secondary employers.  It is sufficient if even one of the objects or purposes of the Defendant Union in any communication or dealing with one or more of the neutral secondary employers, was to require or force the neutral secondary employer

to cease doing business with Plaintiff Fidelity Interiors.

Accordingly, if you should find, by a preponderance of the evidence in the case, that one of the objectives of the Defendant Union's conduct, in any communication or dealing with the employees of one or more of the neutral secondary employers, including, but not limited to, Choate Construction Company; Colonnade Properties; Warren Hanks Construction Company; Hines Management Company; Hammerlund Construction Company; Dr. Edward Mills; The Philadelphia College of Osteopathic Medicine; Trizec Properties; Jova Daniels and Busby; Grant Thornton; or, Reynold's Plantation was to require or force one or more neutral secondary employers to cease doing business with Fidelity Interiors, and if you should further find that such conduct of Union was a proximate cause of some injury and consequent damage to the business and property of Plaintiff Fidelity Interiors, then Plaintiff Fidelity Interiors is entitled to recover from Defendant Union the amount of any actual damage sustained by Plaintiff Fidelity Interiors.

Authority:

*O'Malley, Grenig & Lee, Federal Jury Practice And Instructions*, 3A Fed, Jury Prac. & Instruc. § 157.21 (5th ed.); NLRB v. Denver Bldg. & Const. Trades Council, 341 U.S. 675, 689, 71 S.Ct. 943, 952, 95 L.Ed. 1284 (1951);*NLRB v. Enterprise Ass'n of Pipefitters*, 429 U.S. 507, 529-31, 97 S.Ct. 891, 904-05, 51 L.Ed.2d 1 (1977); *Local 25, Teamsters v. NLRB*, 831 F.2d 1149, 1153 (1st Cir.1987); *Mautz &*

*Oren, Inc. v. Teamsters Local 279*, 882 F.2d 1117, 1121 (7th Cir.1989); *NLRB v. Omaha Bldg. & Const. Trades Council*, 856 F.2d 47, 51 (8th Cir.1988); *Carpenters Dist. Council of So. Colorado v. NLRB*, 560 F.2d 1015, 1019 (10th Cir.1977).

Given _____       Rejected _____       Modified _____

James W Wimberly Jr
(Emp)
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

WIMBERLY LAWSON STECKEL
 SCHNEIDER & STINE, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,  )
INC., and FIDELITY INTERIORS,    )
LLC                              )
                                 )
    Plaintiff,               )
                                 )
v.                               )    Civil Action File
                                 )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
    Defendant.               )

<u>PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 28</u>

The parties have stipulated that among the secondary employers or companies or neutrals in the present case are Choate, Warren Hanks, Hammarlund, and Griffin.  Further, the parties stipulate that there are other secondary employers or companies or neutrals in the present case, including building owners, property managers, tenants, general contractors, and others.  Thus, if you find that the union coerced or restrained these neutral third parties and you find that an object of defendant was to force these third parties not to do business with the plaintiffs, or to force Fidelity Interiors to recognize the union or to sign a union contract, then you should find the conduct of the

union was unlawful under the secondary boycott statute, and that the plaintiff is entitled to its damages resulting from such conduct.

<u>Authority</u>:

29 U.S.C.A. §§ 158 (b)(4)(ii)(B); *Kentov v. Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO,* 418 F.3d 1259, 1264 (11th Cir. 2005); *Service Employee's Local 87 (Trinity Building Maintenance Co.),* 312 NLRB 715, 742-43 (1993), *enf'd* 103 F.3d 139 (9th Cir. 1993); *Allentown Racquetball & Health Club, Inc. v. Building and Const. Trades Council of Lehigh and Northampton Counties,* 525 F.Supp. 156, 160 (D.C.Pa., 1981).

Given _____      Rejected _____      Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL
SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,       )
INC., and FIDELITY INTERIORS,         )
LLC                                   )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        Civil Action File
                                      )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS           )
REGIONAL COUNCIL OF THE UNITED        )
BROTHERHOOD OF CARPENTERS AND         )
JOINERS OF AMERICA,                   )
                                      )
        Defendant.                    )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 29

In order to violate the secondary boycott statute, it is not necessary for the union to try to cause a complete cessation of business between the parties, such as between plaintiffs and Choate, Warren Hanks, Hammarlund, Griffin, or the other neutral building owners, property managers, contractors, tenants, or other neutral third parties. If the defendant union committed coercive conduct towards these third parties, or made threats of such coercive conduct, or one of the forbidden objectives outlined herein, then you must find that the defendant was acting with the unlawful objective to cease doing business with plaintiff within the meaning of the statute, even if the union was only trying to cause a partial cessation of business.

Plaintiffs are then entitled to recover their damages caused by such coercive statements or conduct of the defendant.

AUTHORITY:

*NLRB v. Local 825 Operating Engineers*, 400 U.S. 297 (1971).

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr. (RWJ)

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL
SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,       )
INC., and FIDELITY INTERIORS,         )
LLC                                   )
                                      )
       Plaintiff,                     )
                                      )
v.                                    )       Civil Action File
                                      )       No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS           )
REGIONAL COUNCIL OF THE UNITED        )
BROTHERHOOD OF CARPENTERS AND         )
JOINERS OF AMERICA,                   )
                                      )
       Defendant.                     )

## PLAINTIFFS' PROPOSED REQUESTS TO CHARGE NO. 30

The defendant is bound by the acts of its agents. In your determination of whether any person is acting as an agent of the defendant so as to make the defendant responsible for the person's acts, the question of whether the specific acts were actually authorized or subsequently ratified is not controlling. The defendant is responsible for the acts of his agents committed within the scope of their employment or their apparent authority.

Authority:

*Labor Management Relations Act, § 303(b), 29 U.S.C. § 187(b); LMRA § 301(b), (e), 29 U.S.C. § 185(b)(e); White Oak Coal Co. v.*

*United Mine Workers, 318 F.2d 591 (6th Cir. 1963, cert. den. 375*

*U.S. 966.*

Given _____      Rejected _____      Modified _____


_James W. Wimberly, Jr. (JWW)_

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL
  SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,  )
INC., and FIDELITY INTERIORS     )
LLC                              )
                                 )
     Plaintiff,                  )
                                 )
v.                               )          Civil Action File
                                 )          No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS      )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND    )
JOINERS OF AMERICA,              )
                                 )
     Defendant.                  )

## PLAINTIFFS' PROPOSED CHARGE NO. 31

    I charge you that, in this case, the parties have agreed that, at the time of the acts complained of, Larry Phillips, Chris Frietag, Steve Shelton, Rommel Delgado and Jimmy Gibbs were all agents of the Union and that, therefore, the Union is responsible for their acts.

Authority:

*Stipulated Facts 7-10 and 19.*

Given _____        Rejected _____        Modified _____

_James W Wimberly Jr WRW_
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for the Plaintiff*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION, )
INC., and FIDELITY INTERIORS, )
LLC, )
        )
       Plaintiff, )
        )
v. )   Civil Action File
        )   No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS )
REGIONAL COUNCIL OF THE UNITED )
BROTHERHOOD OF CARPENTERS AND )
JOINERS OF AMERICA, )
        )
       Defendant. )

## PLAINTIFFS' PROPOSED CHARGE NO. 32

If you find by a preponderance of the evidence that the defendant union threatened, coerced, or restrained a neutral third party to stop doing business with Fidelity Interiors, or to force Fidelity Interiors to recognize and bargain with the union, then you should find in favor of Fidelity Interiors.

Authority:

29 U.S.C. §§ 158(b)(4)(ii)(B); *Kentov s. Sheet Metal Workers' Intern. Ass'n Local 15, AFL-CIO*, 418 F.3d 1259, 1264 (11th Cir. 2005); Serv. Employees' Local 87 (Trinity Building Maintenance Co.), 312 NLRB 715-742-43 (1993), enf'd 103 F.3d 139 (9th Cir. 1993); *Allentown Racquetball & Health Club, Inc. v. Building &*

*Const. Trades Council of Lehigh & Northampton Counties*, 525 F.

Supp. 156, 160 (D. Pa. 1981).


Given _____        Rejected _____        Modified _____


James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,   )
INC., and FIDELITY INTERIORS      )
LLC                               )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Civil Action File
                                  )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS       )
REGIONAL COUNCIL OF THE UNITED    )
BROTHERHOOD OF CARPENTERS AND     )
JOINERS OF AMERICA,               )
                                  )
        Defendant.                )

<u>PLAINTIFFS' PROPOSED CHARGE NO.  33</u>

Where a labor union violates the secondary boycott statute, any person or company injured in its business, including a primary employer such as Fidelity Interiors, may sue and recover its damages as a result of the Union's unlawful activity.

<u>Authority</u>:

*29 U.S.C. § 158.*

Given _____      Rejected _____      Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL
  SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,   )
INC., and FIDELITY INTERIORS       )
LLC                                )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Civil Action File
                                   )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
        Defendant.                 )

<u>PLAINTIFFS' PROPOSED CHARGE NO.  34</u>

If you find that the Union has engaged in any unlawful
secondary activity, and that Fidelity Interiors, including
Fidelity Interior Contractors, Inc., or Fidelity Interiors, LLC,
have been injured in their business as result of the Union's
unlawful secondary activity, you shall determine the amount of
damages to which Fidelity Interiors is entitled.  If the amount
of damages cannot be fixed with certainty, you should consider
all the facts and circumstances having or tending to show
damages in their probable amount, and should then make the most
intelligent and probable estimate which the evidence justifies.
In order to recover, it is not necessary that the plaintiffs fix
the amount of any damages with certainty.

<u>Authority</u>:

29 U.S.C. § 158; *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563, 51 S.Ct. 248, 250, 75 L.Ed. 544 (1931); *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 266, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946); *American Bridge Division v. Internat'l. Union of Operating Engineers*, 772 F.2d 1547 (11th Cir. 1985) *Vulcan Materials Company v. United Steelworkers*, 430 F.2d 446, 457 (5th Cir.1970), *cert. denied,*401 U.S. 963, 91 S.Ct. 974, 28 L.Ed.2d 247 (1971);*Sheet Metal Workers Int'l Assn., Local Union No. 223, AFL-CIO v. Atlas Sheet Metal Co. of Jacksonville*, 384 F.2d 101 (C.A. 5, 1967); *O'Malley, Grenig & Lee, Federal Jury Practice and* Instructions, 3A Fed, Jury Prc. & Insruc. § 157.21 (5th ed.); *NLRB v. Denver Bldg. & Const. Trades Council*, 341 U.S. 675, 689, 71 S.Ct. 943, 952, 95 L.ED. 1284 (1951); *NLRB v. Enterprise Ass'n of Pipefitters*, 429 U.S. 507, 529-31, 97 S.Ct. 891, 904-05, 51 L.Ed.2d 1 (1977).

Given _____      Rejected _____      Modified _____

_James W. Wimberly, Jr._
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL**
**SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,   )
INC., and FIDELITY INTERIORS,   )
LLC,   )
  )
    Plaintiff,   )
  )
v.   )    Civil Action File
  )    No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS   )
REGIONAL COUNCIL OF THE UNITED   )
BROTHERHOOD OF CARPENTERS AND   )
JOINERS OF AMERICA,   )
  )
    Defendant.   )

<u>PLAINTIFFS' PROPOSED CHARGE NO.   35</u>

If you find that Fidelity Interior Construction, Inc., and/or Fidelity Interiors, LLC has suffered damages because of the Union's unlawful activity in violation of the secondary boycott provisions, then one item of damage that they would be entitled to recover, and which you would be authorized to award, is any anticipated profit either company lost as a result of the Union's unlawful activity. In making this determination, you should distinguish between damages, including lost anticipated profits, caused by unlawful secondary boycott activities and damages caused by any Union activity not related to a violation of the secondary boycott statute.

Authority:

*United Brick & Clay Workers v. Deen Artware, Inc.*, 198 F.2d 637 (6th Cir. 1952, cert. den. 344 U.S. 897, reh. Den. 344 U.S. 919; *Abbott v. United Ass'n of Journeymen and Apprentices, etc.*, 429 F.2d 786 (5th Cir. 1970); *Riverside Coal Co. v. United Mine Workers*, 410 F.2d 267 (6th Cir. 1969), cert. den. 96 U.S. 846.

Given _____    Rejected _____    Modified _____


_James W. Wimberly Jr (RWS)_
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,      )
INC., and FIDELITY INTERIORS,        )
LLC,                                 )
                                     )
        Plaintiff,                   )
                                     )
v.                                   )        Civil Action File
                                     )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS          )
REGIONAL COUNCIL OF THE UNITED       )
BROTHERHOOD OF CARPENTERS AND        )
JOINERS OF AMERICA,                  )
                                     )
        Defendant.                   )

## PLAINTIFFS' PROPOSED CHARGE NO.  36

If you find that the Union engaged in both lawful and
unlawful actions which together caused Fidelity Interiors to
suffer damages and that the amount of damages caused by the
unlawful activity cannot be separated from the damages caused by
the lawful activity, you may award Fidelity Interiors the total
damages you find Fidelity Interiors suffered so long as you find
that the unlawful object "materially contributed" or was a
"substantial factor" in causing the loss.

Authority:

*Mead v. Retail Clerks Intern. Ass'n, Local Union No. 839, AFL-
CIO*, 523 F.2d 1371 (9th Cir. 1975); *Intercity Maintenance Co. v.*

*Local 254 Service Employees Internat'l Union*, 241 F.3d 82, 88 n. 3 (1st Cir. 2001); *Feather v. United Mine Workers of America*, 903 F.2d 961, 965-966 (3rd Cir. 1990).

Given _____       Rejected _____       Modified _____


_____
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,    )
INC., and FIDELITY INTERIORS,      )
LLC,                               )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        Civil Action File
                                   )        No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
        Defendant.                 )

<u>PLAINTIFFS' PROPOSED CHARGE NO.  37</u>

If you find that the Union violated the secondary boycott statute and that Fidelity Interiors is entitled to recover damages as a result of the Union's unlawful activity, you should separate the damages caused to Fidelity Interior Construction, Inc., and the damages caused to Fidelity Interiors, LLC, as separate items of damage.

<u>Authority</u>:

Given _____      Rejected _____      Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL**
  **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,          )
INC., and FIDELITY INTERIORS             )
LLC                                      )
                                         )
      Plaintiff,                         )
                                         )
v.                                       )     Civil Action File
                                         )     No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS              )
REGIONAL COUNCIL OF THE UNITED           )
BROTHERHOOD OF CARPENTERS AND            )
JOINERS OF AMERICA,                      )
                                         )
      Defendant.                         )

## PLAINTIFFS' PROPOSED CHARGE NO.  38

      The Union contends that Fidelity Interiors failed to
mitigate its damages.  A plaintiff in a secondary boycott case
has a duty to minimize damages, if it is reasonably possible to
do so. However this duty is limited. Fidelity Interiors was not
required to take extraordinary risks or take every possible step
to minimize its damages.  Fidelity Interiors was not required to
accept the Union's demands or to take steps they believed were
not appropriate.

Authority:

Vulcan Materials v. United Steelworkers of America, 430 F.2d 446
(5th Cir.1970); Eazor Express, Inc. v. International Broth. of

Teamsters, Chauffeurs, Warehousemen and Helpers of America, 520
F.2d 951, 969-970, 89 L.R.R.M. (BNA) 3177 (3rd Cir. 1975); Allied
International v. International Longshoremen's Association, 814
F.2d 32, 38-40 (1st Cir. 1987).

Given _____     Rejected _____     Modified _____


_James W Wimberly Jr_
James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiffs*

**WIMBERLY LAWSON STECKEL**
 **SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FIDELITY INTERIOR CONSTRUCTION,    )
INC., and FIDELITY INTERIORS,      )
LLC,                               )
                                   )
     Plaintiff,                    )
                                   )
v.                                 )      Civil Action File
                                   )      No. 1:05-CV-2938
THE SOUTHEASTERN CARPENTERS        )
REGIONAL COUNCIL OF THE UNITED     )
BROTHERHOOD OF CARPENTERS AND      )
JOINERS OF AMERICA,                )
                                   )
     Defendant.                    )

## PLAINTIFFS' PROPOSED CHARGE NO. 39

The Union has the burden of proving that Fidelity Interiors failed to meet its responsibility to minimize its damages by a "preponderance of the evidence."

Authority:

Allied International v. International Longshoremen's Association, 814 F.2d at 38-39;   Lewis v. Musician's Union, 1993 WL *356903 (N.D. Cal. September 7, 1993.

Given _____     Rejected _____     Modified _____

James W. Wimberly, Jr.
Georgia Bar No. 769800
*Attorneys for Plaintiff*

**WIMBERLY LAWSON STECKEL
 SCHNEIDER & STINE, P.C.**
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, Georgia  30326
Ph:  404-365-0900
Fx:  404-261-3707

2